IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA

V.                              NO. 13-50070

MARIO ALBERTO RECINOS-MANCIA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 17, 2014, the Defendant/Movant Mario Alberto Recinos-Mancia (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 27). Briefs have been submitted, and the matter is now ripe for consideration. The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

## PROCEDURAL BACKGROUND:

On June 12, 2013, Defendant was charged in a Criminal Complaint with having illegally reentered the United States after having previously been removed, without obtaining the consent of the Secretary of Homeland Security and/or the Attorney General of the United States, as required by law, under 8 U.S.C. § 1326(a). (Doc. 1).

On June 18, 2013, an Initial Appearance was held before the undersigned, where Attorney Jack Schisler, Federal Public Defender, was appointed to represent Defendant. (Doc. 5).

On July 3, 2013, a Waiver of an Indictment was filed, wherein Defendant waived his right to prosecution by indictment and consented to prosecution by information. (Doc. 11).

On that same day, Defendant entered a guilty plea before the undersigned to an Information (Doc. 9), which charged him with illegal reentry after having been previously removed or deported on or about February, 17, 2009, in violation of Title 8, U.S.C. § 1326(a).  (Doc. 9).  Defendant's guilty plea was made pursuant to a written Plea Agreement. (Doc. 13).

On July 9, 2013, the undersigned entered a Report and Recommendation, recommending that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing. (Doc. 15).

On July 17, 2013, the undersigned entered an Amended Report and Recommendation, correcting a typographical error in the Defendant's name. (Doc. 16).

On July 17, 2013, United States District Judge Jimm Larry Hendren entered an Order adopting the undersigned's Amended Report and Recommendation. (Doc. 17).

On September 16, 2013, a Presentence Report (PSR) was filed (Doc. 18), and on September 22, 2013, Defendant's counsel filed objections thereto. (Doc. 19).  The Final PSR and Sentencing Recommendation was filed on October 11, 2013. (Docs. 21, 22).

On November 1, 2013, Defendant appeared before Judge

Hendren for sentencing, and was sentenced to 46 months imprisonment; no supervised release, deportation anticipated; special assessment was remitted upon motion of USA; and no fine was imposed. (Doc. 25).

No appeal from the Judgment was taken.

### GROUNDS FOR § 2255 MOTION:

In his pro se motion and brief, Defendant basically alleges that he understood his counsel to have advised him that he would be eligible for what counsel called "fast-track" reduction; that his sentencing range would be 12-18 months; and that Judge Hendren "usually went in the lower or middle part of the advisory range of punishment." (Doc. 30 at p. 4). Defendant contends that his guilty plea was entered upon the erroneous advice by his counsel; that his "speedy entry of a guilty plea would 'trigger' the so-called 'fast-track' 2-point reduction," and that his minimal criminal history would result in a 12-18 month term of imprisonment. (Doc. 30 at p. 5).

Defendant argues that his counsel was ineffective "[b]ecause Movant's counsel did not mount an argument that Movant was entitled to the 'fast-track' reduction, at Movant's sentencing hearing, at Movant's plea hearing, or for that matter at no other hearing involving Movant's criminal case." (Doc. 30 at p. 8).

### INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

To succeed on his ineffective assistance of counsel claims, Defendant must first demonstrate that "(1) 'counsel's representation fell below an objective standard of reasonableness;' and (2) 'the deficient performance prejudiced the defense.'" Miller v. Dormire, 310 F.3d 600, 602 (8th Cir. 2002) (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The prejudice requirement has been held to require that there be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See United States v. Ledezma-Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005). In addition, every effort should be made to eliminate the "distorting effects of hindsight" in assessing the attorney's conduct. Strickland, 466 U.S. at 689.

If Defendant fails to show deficient performance by his counsel, the Court does not need to proceed any further in its analysis of an "ineffective assistance" claim. United States v. Walker, 324 F.3d 1032, 1040 (8th Cir. 2003), cert. denied, 540 U.S. 898 (2003). Defendant's burden is a heavy one, DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000), and there is a "strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance." Davis v. Norris, 423 F.3d 868, 877 (8th Cir. 2005). Likewise, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."

Strickland, 466 U.S. at 697; Covington v. United States, 739 F.3d 1087, 1090 (8th Cir. 2014).

"'[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Covington, 739 F.3d at 1090 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### **PLEA AGREEMENT AND PLEA HEARING**

In the Plea Agreement signed by Defendant, paragraghs 10, 13-14, and 25 provide:

>    10. The defendant hereby acknowledges that he/she has been
>    advised of the maximum penalties for each count to which
>    he/she is pleading guilty. ...
>
>    13. The parties acknowledge that the Court shall consult
>    and take into account the United States Sentencing
>    Commissioner Guidelines in determining the sentence, but
>    that the Court is not bound by the Guidelines and may
>    sentence the defendant to any sentence within the
>    statutory range.
>
>    **AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE**
>
>    14. The defendant acknowledges that discussions have
>    taken place concerning the possible guideline range
>    which might be applicable to this case. The
>    defendant agrees that any discussions merely attempt
>    to guess at what appears to be the correct guideline
>    range and do not bind the district court. Further,
>    the defendant acknowledges that the actual range may
>    be greater than contemplated by the parties.  In the
>    event that the actual guideline range is greater
>    than the parties expected, the defendant agrees that
>    this does not give him the right to withdraw his/her
>    plea of guilty.

**REPRESENTATIONS BY DEFENDANT**

25. By signing this plea agreement, the defendant acknowledges that:

    a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.

    b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.

    c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.

    d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.

    e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

(Doc. 13).

On July 3, 2013, when Defendant appeared before the undersigned to enter a guilty plea pursuant to the above referenced Plea Agreement, the Court inquired of Defendant as follows:

    THE COURT: Are you satisfied with his [appointed attorney's] service and advice to you as your attorney?

    INTERPRETER: Yes.

. . .

THE COURT: And was the full Plea Agreement read to you in Spanish?

INTERPRETER; Yes.

THE COURT: And did you feel like you understood all of the terms of the Plea Agreement?

INTERPRETER: Yes.

THE COURT: And did you have sufficient time to discuss the Plea Agreement with Mr. Schisler?

INTERPRETER: Yes.

THE COURT: Mr. Recinos, has anyone in any way attempted to force you to plead guilty in this case?

INTERPRETER: No.

THE COURT: And are you pleading guilty on your own free will because you are in fact guilty?

INTERPRETER: Yes.

THE COURT: Do you have any questions at this time about the Plea Agreement?

INTERPRETER: No.

THE COURT: All right. Mr. Recinos, I want to make sure you understand the maximum penalties that you are facing by pleading guilty to this charge. They are set out in Paragraph 10 of the Plea Agreement. By pleading guilty to this charge, you face a maximum term of imprisonment of up to 20 years if the court determines that you were previously convicted of an aggravated felony. You face a maximum term of imprisonment of 10 years if the court determines that you were previously convicted of a non-aggravated felony. And if you have no prior felony convictions, you are then facing a maximum term of imprisonment of only two years. The court can also impose a fine of up to

>$250,000. The court can impose both a term of imprisonment and a fine. You also face a term of supervised release of up to three years following your release from imprisonment, and if you violate the conditions of supervised release, you can be sent back to prison. There is also a $100 special assessment that would be imposed upon conviction.  Mr. Recinos, do you understand the maximum penalties you face if you're convicted of the charge in the Information?
>
>INTERPRETER: Yes.
>
>. . .
>
>THE COURT: Mr. Recinos, if your guilty plea is accepted, your case will proceed to sentencing. There are what's called sentencing guidelines for judges to consider to determine what an appropriate sentence might be. Those guidelines are only advisory to your sentencing judge and he is not bound by them. That means that he may impose a sentence more severe or less severe than the sentencing guidelines. Have you discussed with Mr. Schisler how the sentencing guideline range might be determined in your case?
>
>INTERPRETER: Yes.
>
>HE COURT: And do you understand that if your sentence is more severe than what you expect at this point, you will still be bound by your guilty plea and will not have the right to withdraw it?
>
>INTERPRETER: Okay.
>
>THE COURT; Do you understand that, sir?
>
>INTERPRETER: Yes.

(Doc. 35 at pgs. 4-10).  The undersigned then asked Defendant if he needed any time to speak with his appointed attorney before entering his plea, to which he replied "No." (Doc. 35 at pgs. 11-12).  Defendant was also asked if he had any questions about

-8-

anything that had been discussed at the hearing, to which Defendant replied "No." (Doc. 35 at p. 12). The Court then accepted Defendant's plea. Id.

### DISCUSSION

"Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea." Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984)(citing Tollett v. Henderson, 411 U.S. 258 (1973).

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997)(quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)(citations omitted).

The undersigned believes that even taking Defendant's stated facts as true, that is, that his counsel did tell him he would be sentenced as a "fast-track" case, Defendant has failed to show he was prejudiced, because Defendant would not have been eligible for a fast-track sentence.

Upon motion of the Government, U.S.S.G. § 5K3.1 permits a downward departure of up to four levels pursuant to a fast-track program "authorized by the Attorney General of the United States and the United States Attorney for the district in which the

court resides." On January 31, 2012, Deputy Attorney General James M. Cole issued a memorandum[1] to all United States Attorneys directing that all federal districts prosecuting felony illegal reentry cases under 8 U.S.C. § 1326 implement uniform fast-track programs by no later than March 1, 2012. In accordance with this directive, a fast-track program was implemented in the Western District of Arkansas, effective March 1, 2012.

The Cole Memorandum provides that a Defendant who has been previously convicted of a serious violent offense is not eligible for participation in the fast-track program. (¶ III.A.(1)). The guidelines also provide that to be eligible to participate in the fast-track program, the Defendant must agree to certain provisions in the plea agreement, such as the waiver of appeal rights, the right to file a § 2255 motion (except for ineffective-assistance of counsel claims), and the waiver of the right to a full pre-sentence investigation. (¶ III.C)

In this case, as the Defendant has a prior conviction for Battery Second Degree, he would not have been eligible for the fast-track program. In addition, § 5K3.1 departures in fast-track districts must be made "[u]pon motion by the Government..." U.S.S.G. § 5K3.1. Defendants are not eligible

---

[1] The Cole Memorandum is available at:

http://www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf

-10-

to request their sentencing Court for a fast-track sentence reduction or to compel the United States to ask for the reduction.

According to the Government, in this case, the United States Attorney exercised his discretion by not recommending Defendant's participation in the fast-track program based on his prior violent felony conviction for Battery Second Degree. Therefore, any request by counsel for the Court to consider a lower sentence based upon §5K3.1 would have been futile, and Defendant was not prejudiced by counsel's alleged erroneous advice. See Thomas v. United States, 951 F.2d 902, 905 (8th Cir. 1991).

In reaching this conclusion, the undersigned is not considering the affidavit of Mr. Schisler, submitted by the Government as an attachment to its response, as it is unnecessary to do so. Instead, the facts of this case show that Defendant was ineligible for a fast-track reduction, and therefore, Defendant has failed to show that he was prejudiced.

Further, as indicated earlier in this discussion, the Plea Agreement set out the maximum penalties, and the undersigned went over those at the plea hearing and also advised Defendant he was bound by his plea even if his sentence was more severe than expected. Given this, he has not demonstrated a reasonable probability that he would not have pleaded guilty but for

-11-

counsel's errors. Even if Defendant had alleged that he would have gone to trial if counsel had advised him differently, it was reasonable for counsel to believe, based on the record, that a jury would have found him guilty of illegal reentry to which he pleaded guilty. See Campos-Penaloza v. United States, 457 Fed. App'x. 596, 597 (8th Cir. 2012).

Defendant also briefly mentions in his motion that his counsel was ineffective by "not raising these issues on direct appeal" and "nor has there been a direct appeal filed in this case because Movant's counsel provided ineffective assistance of counsel." (Doc. 27 at pgs. 6, 8). However, Defendant does not indicate that he ever asked his counsel to appeal the judgment, and that counsel thereafter failed to follow his instructions. The Court is not required to give weight to "conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." United States v. McGill, 11 F.3d 223, 225(1st Cir. 1993). Accordingly, the Court will not conclude that his counsel was ineffective for failure to file an appeal. See Brown v. United States, No. 4:13 CV - 2204 RWS, 2015 WL 1542102 At *4 (E.D. Mo., April 7, 2015).

**WHETHER AN EVIDENTIARY HEARING IS REQUIRED:**

Defendant bears the burden of establishing the need for an evidentiary hearing. McGill, 11 F.3d at 225. The Eighth Circuit has held that a petitioner is entitled to an evidentiary hearing


Case 5:13-cr-50070-TLB   Document 36   Filed 06/05/15   Page 13 of 14 PageID #: 164

on a section 2255 motion unless "'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" <u>Anjulo-Lopez v. United States</u>, 541 F.3d 814, 817 (8th Cir. 2008)(quoting <u>United States v. Ledezma-Rodriquez</u>, 423 F.3d 830, 835-36 (8th Cir. 2005)(alteration in original). The Eighth Circuit stated:

> No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."

<u>Anjulo-Lopez</u>, 541 F.3d at 817 (quoting <u>Watson v. United States</u>, 493 F.3d 960, 963 (8th Cir. 2007)(internal quotation omitted).

As indicated earlier, Defendant merely states that his counsel did not file an appeal, but fails to indicate that he ever asked him to file an appeal. Considering the Defendant's <u>pro</u> <u>se</u> motion, as well as the records in the case, it is apparent that Defendant's allegations are conclusively refuted by the files and records of the case. Consequently, no hearing is required in this case. <u>See</u> <u>Anjulo-Lopez</u>, 541 F.3d at 817.

**Based upon the foregoing, the undersigned hereby recommends that Defendant's § 2255 motion be denied.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) &

(c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of June , 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)