IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**      **PLAINTIFF**

**V.**      **CASE NO.: 5:13-CR-50070**

**MARIO ALBERTO RECINOS-MANCIA**      **DEFENDANT**

## ORDER

On June 5, 2015, the Honorable Erin L. Setser, Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation ("R & R") (Doc. 36) concerning Defendant Mario Alberto Recinos-Mancia's Motion to Vacate (Doc. 27) pursuant to 28 U.S.C. § 2255. The Magistrate Judge directed the Government to file a Response (Doc. 33) to the Motion, and Recinos-Mancia filed a Reply (Doc. 33). The Magistrate Judge recommended denial of the petition for habeas relief. On June 22, 2015, Recinos-Mancia filed timely objections (Doc. 37) to the R & R. In light of these objections, the Court has undertaken a *de novo* review of the case.

On July 3, 2013, Recinos-Mancia waived indictment and pleaded guilty to a one-count Information charging him with illegal reentry following previous removal, a crime described at 8 U.S.C. § 1326(a). At sentencing on November 1, 2013, the Court expressed final approval of the plea agreement. No guideline-determinative objections were made concerning the Presentence Report, and Recinos-Mancia was sentenced to 46 months imprisonment, no supervised release, and the special assessment was remitted on the Government's motion. On November 17, 2014, Recinos-Mancia filed his § 2255 petition, asserting that his guilty plea was involuntary and unintelligent based on the

erroneous advice of his counsel that he would have been eligible for a downward departure due to his eligibility in the "fast-track" program.

It appears Recinos-Mancia has one objection to the R & R. He disagrees with the Magistrate Judge's conclusion that, even if Recinos-Mancia's counsel had erroneously advised him that he was eligible for a fast-track reduction as described in U.S.S.G. § 5K3.1, no prejudice could have resulted from this misadvice, as Recinos-Mancia was not eligible for the fast-track program. It bears mentioning that Recinos-Mancia does not object to the Magistrate's observation that during his plea hearing, he admitted that he understood the maximum penalties he faced, that he knew he could face a sentence that was either more or less severe than what was indicated by his advisory guideline range, and that he was informed by counsel as to how the guideline range might be calculated. See Doc. 36, pp. 7-8. Recinos-Mancia also admitted during the plea hearing that he was pleading guilty of his own free will because he was, in fact, guilty of the crime charged in the Information.

He now contends in his objection to the R & R that if his counsel had only "voiced an objection or a request that Movant's sentence include[] the 'fast-track' reduction[,] Movant would have been sentenced to a lesser term of imprisonment than the 46 months he ultimately received . . . ." (Doc. 37, p. 5). Recinos-Mancia is incorrect, however, because a defendant's fast-track eligibility is predicated on four key factors: (1) that the defendant was not previously convicted of a serious violent offense, (2) that the Government, in its discretion, found the defendant eligible for a fast-track reduction, (3) that a fast-track downward departure was contemplated in the plea agreement, and (4) that a motion for downward departure pursuant to U.S.S.G. § 5K3.1 was made by the

Government prior to or at the time of sentencing. In the case at bar, not only was fast-track eligibility not discussed in the plea agreement, but Recinos-Mancia was not eligible in the first place for a fast track reduction based on his prior violent felony conviction for Battery Second Degree. The Government was in no way obligated to move for a departure during sentencing, and if Recinos-Mancia's counsel had made such a motion, it would have been denied, as only the Government was empowered to make it. For all of these reasons, Recinos-Mancia's objection is without merit and is overruled.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS IN ITS ENTIRETY** the Magistrate Judge's R & R (Doc. 36) and **DENIES** Recinos-Mancia's Motion to Vacate (Doc. 27).

**IT IS SO ORDERED** on this 6th day of October, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE